IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNA DEAN,  *

   Plaintiff,  *

    v.  *

                                       Civil Action No.: RDB 09-2992

DAIMLERCHRYSLER LIFE,  *
DISABILITY AND HEALTH CARE
BENEFITS PROGRAM, *et al.*,  *

   Defendants.  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Donna Dean ("Dean") alleges that her employer, the Chrysler Group LLC ("Chrysler")[1], violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by denying her claim for extended benefits under the applicable disability benefits program and for failing to produce certain documents related to that claim. Pending before this Court is Defendant Chrysler's Motion for Summary Judgment. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, Chrysler's Motion for Summary Judgment (Paper No. 11) is GRANTED.

## BACKGROUND

The DaimlerChrysler Corporation-UAW Life, Disability and Health Care Benefits Program[2] (the "Program") is an ERISA-governed welfare plan that provides Group Extended

---

[1] The Chrysler Group LLC was formerly known as DaimlerChrysler Corporation.
[2] Though DaimlerChrysler Corporation's name has changed to the Chrysler Group LLC, the name of the Program does not appear to have changed accordingly.

Disability Insurance Benefits ("extended benefits") to eligible participants. R. 4788.[3] Chrysler is the Program's administrator and named fiduciary. *Id.* 4787. Sedgwick Claims Management Services, Inc. ('Sedgwick") assists Chrysler with the initial review of benefits claims and makes recommendations regarding participants' eligibility for benefits. Chrysler, however, makes the final determination on an employee's benefits appeal, and has "full power and authority to administer the [Program] and to interpret its provisions, including, but not limited to, discretionary authority to determine eligibility for and entitlement to Program benefits, subject only to an arbitrary and capricious standard of review." Summ. J. Mem. at 2; R. 4788.

In order to be eligible for extended benefits under Chrysler's Program, an employee must 1) have used all of her available sick and accident benefits, and 2) be "totally disabled so as to be prevented thereby from engaging in regular employment or occupation with the Corporation." R. 4821. When an employee returns to work after extended benefits leave and becomes disabled by the same or a related medical issue within three months, an extended disability claim may be reopened, and benefits may be paid at the same rate that they were paid prior to the employee's return to work. *Id.* 4824.

Donna Dean, a Chrysler employee, became disabled on January 18, 2005 as a result of a number of health problems, including hip and back pain. Compl. ¶¶ 11-12. Chrysler paid Dean sickness and accident benefits until March 30, 2005, at which point Chrysler approved her for extended benefits under the Program. R. 78. Over the next four years, Chrysler paid Dean disability benefits on and off for a total of twenty-seven months. On March 13, 2009, Chrysler informed Dean by letter that her extended benefit claims were denied due to lack of medical documentation for the following time periods:

---

[3] Chrysler submitted the Administrative Record with its Motion for Summary Judgment (Paper No. 11), which is cited by reference to Bates numbers.

- January 17, 2007 - March 14, 2007
- November 29, 2007 - September 8, 2008
- October 23, 2008 - present

*Id*. 792-93. Notably, because Chrysler paid Dean for benefits amounting to twenty-seven months of disability leave, and Dean seeks benefits payments for this approximately sixteen month additional period of time, Dean believes she is owed benefits payments for forty-three of the forty-eight months at issue in this case. Chrysler explained in its letter that Dean had thirty days to provide the necessary documents to support claims for these periods of time. *Id*. Dean did not do so.

On July 17, 2009, Dean sent Sedgwick a letter that she contends constitutes an appeal of her denial of benefits. R. 1676. After Dean received no response to this letter, her attorney concluded that Dean's appeal was *de facto* denied. Compl. ¶ 34. On November 12, 2009, Dean filed the pending lawsuit claiming that Chrysler wrongly denied her July 17, 2009 appeal seeking disability benefit payments for the aforementioned dates.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury

for resolution at trial. *Id*. at 249. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). However, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

As this Court explained in *Machovec v. Prudential Ins. Co. of Am.*, 2004 U.S. Dist. LEXIS 12496, at *9 (D. Md. June 28, 2004), when reviewing a claim asserting a wrongful denial of benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(1)(B), a court must engage in a two-part inquiry: First, a court must decide, as a matter of *de novo* contract interpretation, whether the ERISA plan at issue vested discretion in the plan administrator with respect to the contested benefits. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan,* 201 F.3d 335, 340-41 (4th Cir. 2000). Second, if the administrator's decision was discretionary, a court must determine whether the denial of benefits abused that discretion. *Johanssen v. Dist. No. 1 - Pac. Coast Dist.*, 292 F.3d 159, 168 (4th Cir. 2002); *Booth,* 201 F.3d at 341-42. In this case, Chrysler's benefits

4

plan vested it with discretion, and the undisputed facts show that Chrysler did not abuse its discretion.

**I.      The Appropriate Standard of Review is Abuse of Discretion**

The denial of benefits under an ERISA plan must "be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115. In ERISA cases that involve a plan granting the administrator discretionary authority, "it is well-settled that courts review the denial of benefits under [the] policy for 'abuse of discretion.'" *Guthrie v. Nat'l Rural Elec. Coop. Ass'n Long-Term Disability Plan*, 509 F.3d 644, 649 (4th Cir. 2007). The Program expressly grants Chrysler "discretionary authority to determine eligibility for and entitlement to Program benefits." R. 4788. Upon appeal, Chrysler's decision is final. *Id*. As the Program confers Chrysler discretionary authority over benefits determinations, the abuse of discretion standard applies.

Dean alleges that her denial of benefits was tainted by a conflict of interest. A conflict of interest exists where an employer serves the dual role of determining a claimant's eligibility for benefits and actually paying the benefits. *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343, 2346 (2008). There is no dispute that Chrysler is the Program's administrator and fiduciary. Though Chrysler does not specifically admit or deny that it is the insurer for the Program, the Program language indicates that Chrysler funds the benefits paid to claimants. Chrysler nonetheless contends that there was no conflict of interest because Plaintiff's claim was reviewed by a third party claims administrator -- Sedgwick -- which Chrysler designated to carry out the administrative processing of extended benefits claims under the Program. Although Sedgwick's role as the initial claims administrator lessens the likeliness that Dean's claim determination was

affected by a conflict of interest, the fact remains that Chrysler makes final determinations on an employee's benefits appeal. Accordingly, as both the insurer and the final reviewer of benefits claims, Chrysler had a conflict of interest. As the Supreme Court clarified in *Glenn*, however, the presence of a plan administrator's conflict of interest does not alter the abuse-of-discretion standard of review. *Glenn*, 128 S. Ct. at 2351. Rather, it is weighed as "but one among many factors in determining the reasonableness of the Plan's discretionary determination." *Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 359 (4th Cir. 2008).[4] Therefore, this Court will weigh Chrysler's apparent conflict of interest as only "a factor when determining whether there is an abuse of discretion." *Glenn*, at 2348.

Dean argues that she is entitled to discovery beyond the administrative record relied upon by Chrysler so that she can "have the opportunity to supplement the record through discovery aimed at challenging the objectivity and honesty of the plan administrator's claim decision." Opp'n at 18. Thus, it appears that Dean seeks further discovery primarily to support her contention that Chrysler had a conflict of interest. Since this Court has already determined that Chrysler had a conflict of interest, Dean's request for further discovery on this issue is, presumably, moot. Nonetheless, to the extent Dean intends to seek discovery on other issues, it is axiomatic that this Court may only consider the materials that were before the Program fiduciaries at the time of the denial. "[W]hen a district court reviews a plan administrator's decision under a deferential standard, the district court is limited to the evidence that was before the plan administrator at the time of the decision." *Bernstein v. CapitalCare, Inc.,* 70 F.3d 783, 788 (4th Cir. 1995) (quoting *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th

---

[4] The Supreme Court recently affirmed this language in *Conkright v. Frommert*, 130 S. Ct. 1640, 1647 (Apr. 21, 2010), where it held that a court must review an administrator's interpretation of a plan for abuse of discretion when the plan gave the administrator the authority to make eligibility determinations, even if she made a mistake in interpreting the plan.

Cir. 1994)). Thus, discovery is "generally [] not available when the court's review is for abuse of discretion." *Abromitis v. Continental Cas. Co.,* 261 F. Supp. 2d 388, 390-91 (W.D.N.C. 2003); *see also McCready v. Standard Ins. Co.,* 417 F. Supp. 2d 684, 687 n.2 (D. Md. 2006) (reaffirming decision to deny motion to compel discovery, because "[i]t is well established that review of an administrator's decision for reasonableness is based on the evidence before the administrator at the time of the determination"); *Stanley v. Metropolitan Life Ins. Co.,* 312 F. Supp. 2d 786, 791 (E.D. Va. 2004) (noting that "the Fourth Circuit precludes discovery of non-record information, and therefore prohibits courts probing into the recesses of the administrator's mind"). Therefore, this Court's review is limited to the administrative record, as that constitutes all the materials Chrysler considered when making its decision.

## II. Chrysler's Benefits Determination was Not an Abuse of Discretion

Under the abuse of discretion standard, "the district court functions as a deferential reviewing court with respect to the ERISA fiduciary's decision." *Evans v. Eaton Corp.*, 514 F.3d 315, 321 (4th Cir. 2008). Thus, an administrator's "discretionary decision will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Smith v. Cont'l Cas. Co.,* 369 F.3d 412, 417 (4th Cir. 2004) (quoting *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000)). In assessing the reasonableness of a plan administrator's decision, courts should consider the language of the plan, and whether the decision "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Id.* (quoting *Bernstein,* 70 F.3d at 788). Substantial evidence is defined as "the quantum and quality of relevant evidence that is more than a scintilla but less than a preponderance and that a reasoning mind would accept as sufficient to support a particular

conclusion." *Donnell v. Metro. Life Ins. Co.*, 165 Fed. Appx. 288, 295 (4th Cir. 2006) (quotation omitted).

The Fourth Circuit has identified eight factors that bear on whether an abuse of discretion occurred:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth,* 201 F.3d at 342-43. In this case, the four most relevant factors are the language of the plan, whether the decision-making process was reasoned and principled, whether the decision was consistent with the procedural and substantive requirements of ERISA, and Chrysler's conflict of interest.

### 1. The Program's Language Supports Chrysler's Review Process

Dean argues that Chrysler had no reasonable basis to deny her claim because Chrysler never submitted Dean to an independent medical evaluation. The Program states only that Chrysler *may* require an applicant to submit to its own physical examinations when making disability benefits determinations, not that it *must* require an applicant to do so. R. 4824-25. Dean emphasizes the training materials that Sedgwick provides to its claims reviewers, which states that independent medical evaluations should be performed for the purpose of supplementing certain benefits claims. To the extent that Sedgwick's training materials are at all relevant, though, they indicate that independent medical exams should *not* be regularly authorized. Thus, even reading the Program's language and the wording of Sedgwick's training materials in the light most favorable to Dean, this language does not show that Chrysler abused its discretion by failing to

submit Dean to an independent medical examination. Furthermore, a plan administrator's choice not to order an independent medical evaluation of a claimant seeking benefits does not constitute an abuse of discretion. *See, e.g., Laser v. Provident Life & Acc. Ins. Co.*, 211 F. Supp. 2d 645, 650 (D. Md. 2002) (finding that although independent examinations of claimants are common in ERISA cases, they are not required).

### 2. Chrysler's Decision was Reasoned and Principled

Dean challenges whether Chrysler's decision was reasonable and principled. As an initial matter, this is not a case in which Chrysler summarily determined that Dean was not disabled. On the contrary, Chrysler reviewed numerous claims Dean submitted and ultimately approved and paid extended disability benefits for a total of twenty-seven months over the four years at issue in this case. Instead, Dean argues that Chrysler's decision was unreasonable because Chrysler "has never demonstrated a change in [Dean]'s condition after it placed her on disability." Opp'n at 23. Dean's argument is unpersuasive because the burden is on her to establish that she was disabled during the period of time at issue, and not the other way around. *See Elliott v. Sara Lee Corp.*, 190 F.3d 601, 603 (4th Cir. 1999) (noting that the burden of proving the disability is on the employee). Furthermore, there is no dispute that Dean submitted extensive medical documents regarding her health problems for the twenty-seven months she has received paid benefits. In contrast, the only evidence Dean cites in support of her claim for benefits payments for the sixteen months in question appears to be affidavits from her friends and family. Such affidavits are not the kind of objective medical evidence required to support a disability claim.

### 3. Chrysler's Decision was Consistent with ERISA

Dean also contends that she was not afforded a full and fair review of her claim under ERISA because a nurse, as opposed to a doctor, reviewed her claim file. In support of this

argument, Dean cites a number of district court opinions, almost all of which were subsequently reversed. Notably, Dean primarily relies upon *Iley v. Metro. Life Ins. Co.,* 457 F. Supp. 2d 777, 787-88 (E.D. Mich. 2006) to support her contention that a review performed by a nurse violates ERISA. *Iley* was, however, reversed and remanded by the United States Court of Appeals for the Sixth Circuit, which explicitly held that:

> [D]espite the district court's contention, this court has never held that a file review by a nurse is an insufficient form of review. In a case markedly similar to the present case, we noted that there is nothing inherently arbitrary and capricious in allowing a nurse to review a beneficiary's file.

*Iley v. Metro. Life Ins. Co*., 261 Fed. Appx. 860, 864 (6th Cir. 2008) (citation omitted). Thus, the Sixth Circuit actually abrogated the district court's finding that an administrator acted capriciously by relying upon a nurse's review of a claim.

Dean also contends that Chrysler denied her a full and fair review of her claim under ERISA because it "created new grounds for denying the claim which were never set forth in the denial letters during the claim review period." Opp'n at 36. Dean does not supply any specifics as to what these "new grounds" were, though, or any citation to a document in the record in support of this assertion.[5] A review of the denial letters Chrysler sent Dean shows that, in fact, Chrysler consistently told Dean in writing that she would not be paid benefits for periods of time for which she failed to provide supporting medical documentation. For example, Chrysler wrote to Dean:

- "For the periods of 1/17/07-3/14/07 and 11/29/07 and later, medical documentation confirming Ms. Dean's eligibility for benefits, pursuant to plan provisions... is required." R. 4175, January 28, 2008 - Chrysler Denial of Benefits Letter.

---

[5] This argument, like a number of others in Dean's opposition brief, appears to be copied and pasted from briefs from other cases and devoid of any factual basis. In fact, this brief includes pages of language that are identical to each other. *Compare* Opp'n at 24-25 *with* Opp'n at 26-27.

- "For the periods of 1/17/07-3/14/07 and 11/29/07 and later, medical documentation confirming Ms. Dean's eligibility for benefits, pursuant to plan provisions... is required." R. 1732, December 8, 2008 - Chrysler Denial of Benefits Letter.

- "For the periods of 01/17/07 - 3/14/07, 11/29/07-09/08/08, and 10/23/08 and later, medical documentation confirming Ms. Dean's eligibility for benefits, pursuant to plan provisions... is required. R. 1702, March 12, 2009 - Chrysler Denial of Benefits Letter.

Similarly, Dean asserts that Chrysler "failed to set forth any cogent reason for denying the disability claim, citing only provisions of the plan without any explanation for the decision." Opp'n at 37. As the language above shows, Dean ignores the plain language of the numerous letters Chrysler sent her explaining that benefits payments would only be paid for the periods at issue if she supplied medical documentation to support her claims.

### 4. Conflict of interest

As explained in Section I, an administrator's conflict of interest is only "one factor among many" that a court must consider when determining the reasonableness of an administrator's decision. *Glenn,* 128 S. Ct. at 2351. The other *Booth* factors noted above suggest that Chrysler's decision was "consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of the beneficiaries." *Smith,* 369 F.3d at 418 (quoting *Doe,* 3 F.3d at 87). Accordingly, Chrysler did not abuse its discretion by denying Dean benefits payments for January 17, 2007 - March 14, 2007, November 29, 2007 - September 8, 2008, and October 23, 2008 - March 13, 2009.

### III. Dean's Request for Statutory Penalties Must be Denied

Dean alleges Chrysler failed to produce "all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed," and seeks statutory penalties of $110 per day pursuant to 29 C.F.R. § 2560.502-1(g), *et seq.* Compl. ¶¶ 37,

41. Presumably, Dean intends to refer to 29 U.S.C. § 1024(b), which pertains to information that a plan administrator is required to supply the participants and beneficiaries. As that section states:

> Publication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan as follows:
>
> (1) The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes referred to in Section 1022(a)(1) of this title . . .

29 U.S.C. § 1024(b). Though Dean states that Chrysler should pay a penalty of $110 per day from the date of the alleged refusal, the appropriate statutory penalty of $100 per day pursuant to 29 U.S.C. § 1132(c). An award of such penalties is in the discretion of this Court. 29 U.S.C. § 1132(c).

Dean has not supplied evidence that Chrysler failed to send her any of the documents she requested. Chrysler, on the other hand, has produced a January 4, 2007 letter from Dean's counsel requesting her claims file and the benefit plan documents, as well as proof that it provided Dean with these documents and every other document requested in that letter. R. 4473-4764. Accordingly, Chrysler cannot be held liable for any statutory penalty for failure to supply certain information requested by a beneficiary of Chrysler's benefit plan.

Accordingly, this Court concludes that Chrysler did not abuse its discretion in refusing to pay Dean extended benefits for the periods January 17, 2007 - March 14, 2007, November 29, 2007 - September 8, 2008, and October 23, 2008 - March 13, 2009. Additionally, Chrysler is not subject to any statutory penalties for failing to produce pertinent documents to Dean. Therefore, Chrysler is entitled to summary judgment in the entirety.

## CONCLUSION

For the reasons stated above, Chrysler's Motion for Summary Judgment (Paper No. 11) is GRANTED.

A separate Order follows.

Dated: September 29, 2010

/s/_____
Richard D. Bennett
United States District Judge